UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 07-61388-CIV COOKE/BROWN

SOUTHERN GROUTS & MORTARS,       )
INC., a Florida corporation,     )
                                 )
            Plaintiff,           )
                                 )
vs.                              )
                                 )
3M COMPANY, a foreign corporation, a/k/a  )
MINNESOTA MINING AND             )
MANUFACTURING COMPANY,           )
                                 )
            Defendant.

## STIPULATION AND PROTECTIVE ORDER

It is hereby stipulated by the parties hereto, through their respective counsel, that the following conditions and provisions shall govern the production of documents and tangible things in this matter:

1. The designation "CONFIDENTIAL" information means any document or thing designated by a party (including a third party) in good faith as confidential, including but not limited to printed documents, computer disks or other electronic media, information contained in documents or electronic media, testimony and exhibits introduced in hearings or during trial, information revealed during depositions, and information revealed in interrogatory answers or other written disclosures. In general, "CONFIDENTIAL" information may include and may be claimed with respect to trade secrets or other confidential research, development or commercial information as those terms are used in Rule 26(c)(7) of the Federal Rules of Civil Procedure, such as (a) information of a financial nature, (b) marketing information, (c) information relating to product research and development, (d) licensing information, or (e) any other information reasonably deemed to be of a confidential or proprietary nature by the designating party. The

parties shall endeavor to limit the use of the "CONFIDENTIAL" designation to those documents and materials that genuinely warrant the protection provided by the terms of this Order.

2. The designation "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information means any document or thing designated by a party (including a third party) in good faith as highly sensitive and confidential, including but not limited to printed documents, computer disks or other electronic media, information contained in documents or electronic media, testimony and exhibits introduced in hearings or during trial, information revealed in interrogatory answers or other written disclosures. In general, "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information may be applied by a party or third party to any type of information which it believes in good faith to constitute, contain, reveal or reflect proprietary or confidential, financial, business, technical, personnel or related information which is so highly sensitive and confidential as to require the possession of such information to be limited to the counsel of record or in-house counsel and their agents.

3. Designation of confidential materials shall be made by placing or affixing on the material in a manner which will not interfere with its legibility the words "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY." The designation of confidential materials shall be made prior to, or contemporaneously with, the production or disclosure of that material.

4. Unless the parties hereto stipulate otherwise, each deposition of a party or a party's present and former officers, directors, employees, agents, experts and representatives, taken in this case shall be deemed, "CONFIDENTIAL".

5. Material or information designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" under this Stipulation and Protective Order shall not be used or disclosed by the opposing party or counsel for the opposing party or any persons identified in paragraph 6 or 7 for any business or competitive purposes, or for any purposes whatsoever other than the preparation and trial of this action and any appeal herein.

6. Except as provided in Paragraph 8 below, and in the absence of a court order or written authorization from the designating party, documents designated as "CONFIDENTIAL"

and all information derived therefrom (excluding such information as is derived lawfully from an independent source) shall not be disclosed, given, shown, made available, or communicated in any way to any person or entity other than counsel of record for a party and members or employees of their respective law firms, the parties to this action and their current employees, third-party witnesses whom counsel of record for a party can show had prior knowledge of the Confidential Information (as by being copied on the document, having authored the document, or otherwise being shown by direct evidence of having been in possession of the information), and mock juries as discussed in Paragraph 8(b) below. Before disclosure to any person or entity other than a named party, counsel of record (including employees of their respective law firms) for a party, or in-house counsel (including support personnel) for a named party, the person to whom such information is to be disclosed shall execute and deliver to the attorney of record making the disclosure a written agreement in the form attached hereto as Exhibit A. Such information shall be used only for the purposes of this litigation, and shall not directly or indirectly be used for any business, financial or other purpose whatsoever.

7. "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information shall be restricted to the Court and its officers and to the following counsel, including their necessary support personnel:

    a. For Plaintiff: the firm of Rothstein Rosenfeldt Adler

    b. For Defendant: the firms of Richman Greer, P.A. and Gray, Plant, Mooty, and the following attorneys with 3M Office of Intellectual Property Counsel ("OIPC"): Hildy Bowbeer, William D. Miller, Michelle M. Michel and Kevin H. Rhodes;

    c. Retained consultants or experts as discussed in Paragraph 8 below

    d. Jury consultants and mock juries as discussed in Paragraph 8 below

8.    a. Prior to disclosure of "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information of another party to an outside independent expert or

consultant employed by counsel for assistance in the preparation, prosecution or trial of this action, counsel for the party that has received such "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information shall provide such expert or consultant with a copy of this Order, and shall require such expert or consultant to execute the declaration shown in Exhibit A. Through that declaration the expert or consultant acknowledges that he or she is familiar with the provisions of the Protective Order, will abide by them, and will agree to this Court's jurisdiction to enforce them. Each outside expert or consultant who will receive another party's "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information shall make a representation, as part of the declaration shown in Exhibit A, that he or she is not, and has not been previously, an employee, agent, or consultant for any of the other parties in this case (*i.e.*, other than the party seeking to retain the expert or consultant), or any of such parties' competitors, to the best of his or her knowledge. Such declaration shall be kept by the employing counsel for reference should such be necessary. For a business organization retained as a consultant, the declaration shall be signed by a person authorized to bind the business organization who shall advise any other personnel of such consultant to whom "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information is disclosed of the obligations imposed by this Order. If a party wishes to retain an expert or consultant who cannot make all the representations required by Exhibit A, such expert or consultant shall be identified to the other parties prior to making any disclosure of such other party's "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in sufficient time (not less than two (2) weeks) for any party to object and seek further protection should it deem that necessary. If any party objects, no disclosure of such party's "CONFIDENTIAL" or "CONFIDENTIAL –

ATTORNEYS' EYES ONLY" information shall be made to such expert or consultant until the matter is resolved.

   b. Before any disclosure of "CONFIDENTIAL" information or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information of another party is made to persons participating in research such as mock trials, focus groups, and the like, each such person shall execute an agreement (as shown in Exhibit B) to maintain the confidentiality of such information and such agreement shall be kept by counsel or by the organization conducting the research. No documents or physical things embodying "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information of another party shall be left in the possession of any such person. Nothing in this paragraph shall be deemed to permit the disclosure of one party's CONFIDENTIAL - ATTORNEYS' EYES ONLY information to the other party or to employees of that other party other than in-house legal staff.

   c. "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information may be disclosed to court personnel and court reporters/videographers retained to record and/or transcribe testimony in this Civil Action.

   d. "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information may be disclosed to personnel of photocopy vendors or vendors engaged by a party to provide services in connection with document conversion, review, or production.

   9. Except as provided in Paragraphs 6 and 7 above, counsel shall maintain all materials or information designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" which are received under this Stipulation and Protective Order secure within their exclusive possession and shall immediately place such material and information in a secure and segregated area. Except as provided in Paragraphs 6 and 7 above, no person shall have access to such material or information, or the secured area.

10. All copies, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies") of material or information designated as confidential under this Stipulation and Protective Order, or any portion thereof, shall be immediately affixed with the word "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" if those words do not already appear thereon. All such copies shall be treated as confidential material and information under this Stipulation and Protective Order. Such copies shall only be made when in the bona fide judgment of counsel it is reasonably necessary for the preparation and trial of this action or any appeal herein. Only counsel shall distribute such copies to any other person, and then only in accordance with Paragraphs 6 and 7 above.

11. If either party believes that any material designated as confidential does not contain "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information as defined in paragraph 1; that party may contest the applicability of this Stipulation and Protective Order to such material by identifying each challenged document to counsel for the opposing party and stating in writing the basis for challenging the designation of each such document as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY".

Upon receipt of such written notification, the parties shall make a good faith attempt to resolve the challenge. In the event the parties cannot resolve the disagreement, the party claiming confidentiality shall have 15 days following the termination of such negotiations in which to make a motion for protective order with respect to such material. If no such motion is made within 15 days the material shall no longer be treated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY". Upon the filing of such a motion, material that is subject to a dispute as to whether it is in fact confidential material or information shall be treated as confidential in accordance with the provisions of this Stipulation and Protective Order until further order of the Court.

12. To the extent that any answers to interrogatories, transcripts of depositions, responses to requests for admissions or any other papers filed or to be filed with the Court reveal or tend to reveal the contents of any document claimed to be "CONFIDENTIAL" or

"CONFIDENTIAL – ATTORNEYS' EYES ONLY", these papers or any portion thereof shall be filed under seal by the filing party with the clerk of the court in an envelope marked "SEALED" with a copy of this Stipulation and Protective Order attached thereto.

13. If, during trial or in connection with any motion or other proceeding, either party intends to offer into evidence any documents, exhibits or other materials that reveal or may tend to reveal material or information claimed to be "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY", counsel for that party shall so inform counsel for the opposing party at that time and counsel may request the Court that such evidence be submitted in camera and be sealed, and any proceedings involving disclosure of the evidence be held in camera or in a session of the Court closed to the public. Counsel for a party who intends to offer into evidence any documents, exhibits or other materials that reveal or may tend to reveal material or information claimed by a third party to be "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall provide notice and opportunity to that third party to appear and be heard before any such material is offered.

14. The inadvertent failure to designate as confidential any document or item of confidential material shall not constitute or be construed as a waiver of confidentiality as to such documents or materials, or as to any other document or item of confidential material. In addition, the inadvertent disclosure or production of materials protected by the attorney/client or other privilege or the attorney work product doctrine by either plaintiff or defendant will not constitute a waiver of such protection.

15. Promptly upon completion of the litigation, each party shall return to the producing party or third party, or destroy all documents designated by the producing party or third party as "CONFIDENTIAL" and/or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" and all copies thereof, and shall destroy all extracts, excerpts and summaries of data from such documents, except that trial counsel for each party may retain one copy of any such "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information

appended to a pleading and one copy of any deposition transcript containing such information for record purposes only.

16.    Upon final termination of this Civil Action, whether by settlement, dismissal or other disposition, the provisions of this Protective Order will continue to be binding upon all parties or persons subject to its terms, and the Court will retain jurisdiction for enforcement of this Protective Order.

**AGREED TO BY THE PARTIES:**

Respectfully submitted,

By:    s/GUSTAVO SARDIÑA
Scott W. Rothstein
Florida Bar No. 765880
Email: srothstein@rra-law.com
Frank Herrera
Florida Bar No. 494801
Email: fherrera@rra-law.com
Gustavo Sardiña
Florida Bar No. 31162
Email: gsardina@rra-law.com
ROTHSTEIN ROSENFELDT ADLER
Las Olas City Centre, Suite 1650
401 East Las Olas Boulevard
Fort Lauderdale, Florida 33301
Tel.: (954) 522-3456
Fax.: (954) 527-8663

*Attorneys for Plaintiff*

Respectfully submitted,

By:    s/MARK A. ROMANCE
Mark A Romance, Esq.
Florida Bar No. 21520
Email: mromance@richmangreer.com
RICHMAN GREER, P.A.
Miami Center – Suite 100
201 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 373-4000
Facsimile: (305) 373-4099

Laura J. Hein, Esquire
laura.hein@gpmlaw.com
Dean C. Eyler, Esquire
dean.eyler@gpmlaw
Gray Plant Mooty
500 IDS Center
80 South Eighth Street
Minneapolis, Minnesota 55401
Telephone: (612) 632-3097
Facsimile: (612) 632-4097
*Attorneys for Defendant*

DONE and ORDERED in chambers, Miami, Florida, this 6th day of December, 2007.

Honorable Stephen T. Brown
US DISTRICT MAGISTRATE JUDGE

Copies furnished to:
Magistrate Judge Stephen T. Brown
Counsel of Record

**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 07-61388-CIV COOKE/BROWN

SOUTHERN GROUTS & MORTARS,        )
INC., a Florida corporation,      )
                                  )
            Plaintiff,            )
                                  )
     vs.                          )
                                  )
3M COMPANY, a foreign corporation, a/k/a )
MINNESOTA MINING AND              )
MANUFACTURING COMPANY,            )
                                  )
            Defendant.            )

**Declaration Concerning Receipt of CONFIDENTIAL and CONFIDENTIAL – ATTORNEYS' EYES ONLY Information**

I, _____ (printed name), declare as follows:

1. I have been requested by counsel for _____ to assist counsel with the preparation, prosecution, or trial of this action and am informed by counsel that my role will require me to receive materials designated as "CONFIDENTIAL" and/or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" under a Protective Order.

2. I have read and understand the terms of the Protective Order entered in this case (dated _____). I agree to abide by the terms of the Protective Order and will not disclose any information designated as "CONFIDENTIAL" and/or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information and will not use such information other than in my role in assisting counsel in this case.

3. I am not an employee of any of the parties in this case. I am not, and have not been previously, an agent or consultant for any of the other parties in this case, or any of such parties' competitors, to the best of my knowledge.

4. I agree to submit to the jurisdiction of the Court that entered this Protective Order for enforcement of the undertakings I have made here and I appoint _____ (counsel for the party requesting assistance) as my agent to receive the service of process in that connection.

I declare under penalty of perjury that the foregoing is true and correct. Executed on _____ (date).

_____
(signature)

## AGREEMENT TO PROTECT
## <u>CONFIDENTIAL INFORMATION</u>

1. This Agreement is between (consultant) _____ and

(printed name) _____ residing at

(address) _____.

2. I understand that I will receive information that is confidential and is not to be disclosed to anyone (including my family members) outside the research group I am participating in today.

3. I agree not to disclose any information I learn today or to use such information outside the research group I am participating in today.

        Signed: _____

        Date: _____